UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUAN JOSE CHIMBO-MOROCHO,

        Petitioner,

v.

        Case No. 3:26-cv-1008-MMH-MCR

SECRETARY MARKWAYNE
MULLIN, et al.,

        Respondents.

_____

### ORDER

### I. Status

Petitioner Juan Jose Chimbo-Morocho, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) on April 23, 2026. Chimbo-Morocho subsequently filed a Motion for Temporary Restraining Order (Doc. 2). On April 29, 2026, the Court granted in part Chimbo-Morocho's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through May 13, 2026. See Temporary Restraining Order (Doc. 8). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id. Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 9). Chimbo-Morocho

failed to reply. Having given Chimbo-Morocho a sufficient opportunity to reply, the Court now treats the matter as ripe for review.

## II. Background

Chimbo-Morocho is a citizen of Ecuador who entered the United States on May 23, 2024. Petition at 5. On January 19, 2026, local law enforcement in Kissimmee, Florida, arrested Chimbo-Morocho for resisting arrest without violence. Id. United States Immigration and Customs Enforcement (ICE) subsequently assumed custody of Chimbo-Morocho. Id. Chimbo-Morocho has an application for asylum, withholding of removal, and protection under the Convention Against Torture currently pending before the immigration court. Id.

## III. Analysis

The crux of Count One of Chimbo-Morocho's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 14–17.[1] As relief, he seeks, inter alia, immediate release. Id. at 27. Respondents argue that this Court lacks jurisdiction over Chimbo-Morocho's claims, he

---

[1] Because the Court finds that Chimbo-Morocho is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 3–12.

The Court is satisfied it has jurisdiction over Chimbo-Morocho's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Chimbo-Morocho entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as Respondents contend and the Court finds that release is the appropriate remedy.[2] See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the

---

[2] Insofar as Chimbo-Morocho requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[3]).

Accordingly, it is **ORDERED**:

1.     Chimbo-Morocho's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One. Respondents shall release Chimbo-Morocho **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     Chimbo-Morocho's construed request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3.     The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

---

[3] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. Respondents certify that they are holding Chimbo-Morocho under § 1225(b)(2), see Response at 2–3, and the Court finds that § 1225(b)(2) does not apply to Chimbo-Morocho. Thus, without any lawful basis for this detention, Chimbo-Morocho is entitled to immediate release.

Jax-9 5/12
c:
Counsel of Record

5